UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Chapter 7

Yolanda M. Tennille,                                            Case No. 15-41869

      Debtor.                                         Hon. Phillip J. Shefferly
_____/

**ORDER DENYING MOTION TO
AMEND PRIOR ORDERS OF THE COURT**

This matter is before the Court on a motion filed by the Chapter 13 Trustee ("Trustee") requesting that the Court amend prior orders entered in this bankruptcy case based upon a later decision by the United States Supreme Court in Harris v. Viegelahn, 135 S.Ct. 1829 (2015), issued on May 18, 2015. The background is as follows.

On February 12, 2015, the Debtor filed this case under Chapter 13. On May 5, 2015, the Court held a hearing regarding a dispute over the Debtor's claim to certain real property. The Court decided the dispute adversely to the Debtor. As a consequence, the Debtor's Chapter 13 plan was not confirmable. On May 11, 2015, the Court entered an order denying confirmation of the plan and directing further proceedings ("May 11 Order") (ECF No. 43). The May 11 Order provided that if the Debtor did not file a request to convert this case to Chapter 7 by June 5, 2015, the Court would dismiss the case altogether, based upon the affidavit of the Trustee.

Shortly after the May 11 Order was entered, on May 14, 2015, the Debtor's attorney filed a fee application (ECF No. 44). While the fee application was pending, on June 8, 2015, the Debtor converted her case to Chapter 7. On June 9, 2015, the Debtor's attorney filed a certificate (ECF No. 50) stating that no objections or responses had been filed to the fee application. The same day,

the Court entered an order ("Fee Order") (ECF No. 51) approving the fee application. The Fee Order awarded the Debtor's attorney fees in the amount of $5,422.00 and expenses in the amount of $38.79. Since the Fee Order was entered, the case has proceeded in Chapter 7.

On August 24, 2015, the Trustee filed a motion ("Motion to Amend") (ECF No. 61) requesting that the Court amend the May 11 Order and the Fee Order. The Motion to Amend is based on Harris, in which the Supreme Court held that upon conversion of a Chapter 13 case to Chapter 7, the Chapter 13 trustee must return undistributed post-petition wages to the debtor. The Motion to Amend argues that the May 11 Order and the Fee Order are directly contrary to Harris, and requests that the Court delete any provisions in those orders that either direct or require the Trustee to withhold funds for payment of the Debtor's attorney fees. The relevant provision in the May 11 Order states that the Trustee "shall pay" fees to the attorney for the Debtor. The relevant provision in the Fee Order recites that, of the total fees awarded, after the amount that will be paid by the Debtor, the "BALANCE TO BE PAID BY TRUSTEE."

While relying on Harris for its substantive basis, the Motion to Amend cites Fed. R. Civ. P. 60(b)(1), (2), and (6), as well as L.B.R. 9024-1 (E.D.M.), as its procedural basis. Fed. R. Civ. P. 60(b) is incorporated in the Federal Rules of Bankruptcy Procedure by Fed. R. Bankr. P. 9024. Fed. R. Civ. P. 60(b) permits a court to relieve a party from an order under certain circumstances. The Trustee relies on: Rule 60(b)(1), which permits relief from an order where there is a mistake; Rule 60(b)(2), which permits relief from an order where there is newly discovered evidence; and Rule 60(b)(6), which permits relief from an order where there is any reason not specifically mentioned in Rule 60(b) that justifies relief. L.B.R. 9024-1 does not add anything to these standards, but it does provide, in subsection (a)(3), a standard for a motion for reconsideration.

Of the two orders identified in the Motion to Amend, Harris is most problematic to the May 11 Order. That is the only order that actually directs the Trustee to make a payment to the Debtor's attorney. The Fee Order's recitation of who pays what portion of the awarded fees does not actually direct the Trustee to do anything, but merely recites what portion of the awarded fees will be paid by the Debtor, leaving the balance of the awarded fees to be paid by the Trustee pursuant to the directive in the May 11 Order. In any event, the Motion to Amend argues that both orders violate Harris.

At the time that the May 11 Order was entered, the Harris opinion had not yet been issued. It was not issued until one week later, May 18, 2015. The Motion to Amend does not argue that this Court made any error based on the existing state of the law when it entered the May 11 Order. The Motion to Amend correctly notes that Harris changed the law, and argues that the change in the law provides grounds to amend the May 11 Order. However, the fact that the law was subsequently changed after the May 11 Order does not mean that the Court made a mistake of law for purposes of Rule 60(b)(1). That Harris would require the Court to rule differently now, if the issue was joined for disposition by the Court after Harris, does not prove that the Court made a mistake at the time that it made its ruling, prior to Harris.

Nor is there any newly discovered evidence that warrants relief under Rule 60(b)(2). There is no evidence at all, only a change in the law affected by Harris.

The Sixth Circuit recognizes that an intervening development in the law may be grounds for relief under Rule 60(b)(6). However, "a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (citing Agostini v. Felton,

521 U.S. 203, 239 (1997)). "Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." Id. (citations omitted). The Motion to Amend does not allege any special circumstance in this case that warrants granting the Trustee relief from the May 11 Order based on Harris. Nor is there any statement in Harris that suggests that this Court is required to retroactively apply it to grant relief from orders that were previously entered by the Court before Harris was decided.

For these reasons, the Court holds that the Motion to Amend does not warrant relief from the May 11 Order under Rule 60(b)(1), (2), or (6).

The analysis is somewhat different for the Fee Order. The Debtor's attorney filed the fee application on May 14, 2015. Four days later, Harris was decided. That was still well within the 21 day period that parties in interest could object to the fee application. However, the Trustee did not object to the fee application. If the Trustee believed that Harris precluded the Court granting the fee application, the time to raise that objection was prior to the entry of the Fee Order, since Harris was well known to the Trustee at that time. Raising a legal argument that was available but not timely raised prior to entry of an order is not grounds for relief from that order under Rule 60(b)(1)(2), or (6).

For the reasons explained, the Motion to Amend does not set forth grounds for relief from either order under Rule 60(b). Although the Motion to Amend also cites L.B.R. 9024-1, it does not argue for reconsideration under the standard set forth in that rule. But even if the Court construes the Motion to Amend as a motion for reconsideration under L.B.R. 9024-1, it must still be denied. L.B.R. 9024-1(a)(1) requires that a motion for reconsideration of an order on the grounds that it was erroneous in fact or law must be filed within 14 days after entry of the order. The Motion to Amend

-4-

was not filed until more than three months after the May 11 Order, and more than two months after the Fee Order, far outside the 14 days permitted by the local rule. Therefore, it is not timely.

The Motion to Amend correctly notes that L.B.R. 9024-1(a)(2) provides that no response to a motion filed under that rule and no oral argument thereon will be allowed unless the Court orders otherwise. In this case, the Court will not require a response to the Motion to Amend, nor will it schedule a hearing, because the Court is persuaded that neither a response nor a hearing will help the decision making process. Accordingly, for the reasons set forth in this order,

**IT IS HEREBY ORDERED** that the Motion to Amend (ECF No. 61) is denied.

.

**Signed on September 11, 2015**

          **/s/ Phillip J. Shefferly**
          **Phillip J. Shefferly**
          **United States Bankruptcy Judge**

15-41869-pjs    Doc 63    Filed 09/11/15    Entered 09/11/15 14:27:45    Page 5 of 5